## Case No. 5,522.

### GOLDSMITH v. HAPGOOD.

[Holmes, 454.] [1]

Circuit Court, D. Massachusetts.    Jan.. 1875.

BANKRUPTCY—SUIT BY ASSIGNEE TO RECOVER PROPERTY SOLD FOR NOMINAL CONSIDERATION.

An assignee in bankruptcy cannot maintain a suit in equity to recover real estate purchased in good faith by the defendant for a nominal consideration (it then having no market value), within a month before the proceedings in bankruptcy, from the bankrupt's assignees in insolvency appointed several years before under the insolvency law of Massachusetts, although the property has since increased considerably in value.

Appeal from a decree of the district court [of the United States for the district of Massachusetts] ordering a conveyance of certain real estate by the appellant [Nathaniel Goldsmith], made in a suit in equity brought for that purpose by the appellee [Charles M. Hapgood], as assignee in bankruptcy of one Henry Hyde. In the year 1867, Hyde's estate, including the real estate here in controversy, became vested in his assignees in insolvency duly appointed under the insolvency law of Massachusetts. There were several incumbrances on this real estate, which was occupied by Hyde as a homestead; and the assignees were unable to sell it, or even obtain an offer for it, although it was generally known that they were willing to sell for a nominal price merely. The appellant (Hyde's nephew), hearing that the property was for sale at a nominal price, authorized his attorney to purchase it for him; and on Dec. 16, 1870, the assignees in insolvency conveyed all their interest in the real estate to the appellant for a nominal consideration. Dec. 29, 1870, Hyde filed a petition in bankruptcy; and on Jan. 21, 1871, the appellee was appointed his assignee in bankruptcy. After the purchase by the appellant, it was discovered that one of the mortgages on the property was invalid. That incumbrance being removed, the equity of redemption became of some considerable value. Thereupon the assignee in bankruptcy brought this suit in equity to compel conveyance of the appellant's right and interest in the property. The question in the case was, whether the appellant was in fact, as he claimed to be, a bona fide purchaser; or whether as was contended by the appellee, the conveyance was made to the appellant as security for money to be advanced by him to pay Hyde's debts, which he had failed to do, or for the purpose of keeping the property from the possession of the assignee, for the bankrupt's use.

C. R. Train and J. O. Teele, for appellant.

D. Thaxter and Melville Stacy, for appellee.

SHEPLEY, Circuit Judge. This bill cannot be maintained unless at the time of the proceedings in bankruptcy Hyde had a legal

1 [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

or equitable estate in the premises in controversy, which, by the provisions of the bankrupt act [of 1867 (14 Stat. 517)], would pass to his assignee, on the ground that the conveyance to Goldsmith was a fraud at common law or under the provisions of the bankrupt act.

In April, 1867, the interest in the real estate in question vested, under the insolvent laws of Massachusetts, in Fowler Bragg and Henry W. Bragg, Hyde's assignees under the insolvent law. The Braggs, as assignees, held the property from April, 1867, to Dec. 16, 1870, three years and eight months. During this time, it appears from the evidence in the case that they made frequent attempts to sell the property, but "could receive no offers." One of the assignees testifies that he offered it to Hyde, but Hyde would make no offer; that the assignees did not feel justified in advertising it, for they did not think they could get enough to pay the expense of advertising; that it was generally known for several years that the place was for sale; and that the assignees were ready to sell it to any one upon the same terms upon which they afterwards sold to Goldsmith, which was a nominal consideration. They informed Miller, who, as counsel for Goldsmith, negotiated the purchase, that they were willing to sell for a nominal consideration. Miller informed Goldsmith, who authorized Miller to purchase for him; and the conveyance was made to Goldsmith for a consideration which was merely nominal.

The debts of Hyde owing to creditors who had proved their debts under the insolvency proceedings were so much greater than any assets of his estate would pay, that he could not possibly have any valuable resulting interest in the property. There is no evidence that the market value of the interest in the property conveyed to Goldsmith was, at the date of the conveyance, greater than the nominal consideration Goldsmith paid; the assignees in insolvency are not made parties to the bill; and there is no allegation that they made the conveyance fraudulently, or without legal authority to make it. Hyde had no interest in the property to convey. He parted with no title, and did not undertake to convey, and did not convey, any interest to Goldsmith. He paid nothing directly or indirectly as a consideration of the conveyance to Goldsmith. It is claimed that Goldsmith verbally agreed, as part of the consideration, to pay the debts of Hyde. The testimony fails to prove a proposition so incredible in itself as that Goldsmith should have agreed to pay eight thousand dollars (the amount of Hyde's debts) for an interest in property which was not considered of sufficient value to pay the cost of advertising it. Goldsmith appears to have been willing to pay something as an act of charity, to aid an aged and poor relative. Because the purchase afterwards turned out to have been a more advantageous one than the assignees or Goldsmith supposed at the time,

does not tend to prove it to have been fraudulent. If there was any ground for a rescission of the sale to Goldsmith, it was an interest which belonged to the assignees representing the creditors under the insolvent proceedings. No fraud is proved on the part of Goldsmith, and nothing passed to the assignees under the bankrupt act; and they cannot maintain this suit. Decree reversed and bill dismissed.